**In the Matter of Jeffrey L. BURGE.**

**No. 183S3.**

Supreme Court of Indiana.

March 1, 1985.

Jeffrey L. Burge, pro se.

Gregory M. Fudge, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Comn.

### DISCIPLINARY ACTION

PER CURIAM.

This disciplinary action is before the Court on a six-count Amended Verified

Complaint filed by the Disciplinary Commission pursuant to Admission and Discipline Rule 23, Section 12. As provided by this Court's rules of procedure for disciplinary matters, a Hearing Officer was appointed who heard evidence concerning the allegations of professional misconduct set forth in the pending complaint. The Hearing Officer has tendered to this Court his findings of fact; neither party has petitioned for review.

There being no objection raised, this Court now adopts and accepts as its own the findings of fact tendered by the Hearing Officer. Accordingly, we find under Count I that in October, 1981, the Respondent was retained to represent a party in a dispute with her landlord, the case having already been filed by another attorney in the Hammond City Court. The Respondent did not request a retainer, but he was paid $25.00 in any event. Several weeks later the Respondent suggested that the case be dismissed in the City Court and refiled in the Superior Court for larger damages. Respondent's client later learned, by phone calls to the Court, that the Respondent did neither. After the Respondent refused to return the client's file unless fees were paid, the client sued the Respondent for the return of her file. The suit was dismissed upon an agreement that the Respondent would return the file. Upon Respondent's failure to do so, the client moved to have the dismissal set aside. The Respondent was ordered to appear with all the client's papers; the client finally obtained her file, and the suit was again dismissed.

In view of the findings of fact set forth under Count I, this Court now concludes that the Respondent neglected a legal matter entrusted to him and failed to carry out his contract of professional employment, thereby violating Disciplinary Rules 6-101(A)(3) and 7-101(A)(2) of the *Code of Professional Responsibility for Attorneys at Law.* Additionally, the Respondent engaged in misrepresentation, in conduct prejudicial to the administration of justice and in conduct which adversely reflects on his fitness to practice law, all in violation of Disciplinary Rules 1-102(A)(4), (5) and (6)

of the *Code of Professional Responsibility for Attorneys at Law.*

Adopting the Hearing Officer's tendered findings under Count II, we conclude that there is insufficient evidence of misconduct to support the charges under this Count.

As to Count III of the Complaint, we now find that the Respondent was retained in March, 1981, to file a negligence suit against a bank and was paid $150.00. Two days later the same client retained Respondent again to file a property damage suit against an individual. In December, 1981, the Respondent informed his client by letter that proceedings supplemental against the Defendant were being held up by the judge, the implication being that the Respondent had obtained a default judgment. This was not true. In fact, in December of 1981 a motion for default judgment had been denied. The client subsequently retained another attorney who took the case to trial and obtained judgment.

In the suit against the bank, the Defendant bank filed a Motion to Dismiss for Failure to Answer Interrogatories. The Respondent failed to inform his client of the interrogatories to be answered or of a hearing on this motion; no one appeared at the hearing and the motion was granted. Thereafter the client retained another attorney who sought and obtained a vacation of the Order to Dismiss.

In light of the above-noted findings, this Court now concludes that the Respondent neglected a legal matter entrusted to him, prejudiced and damaged his client during the course of the professional relationship and engaged in conduct involving misrepresentation, conduct which is prejudicial to the administration of justice and conduct which adversely reflects on his fitness to practice law. By these actions, the Respondent violated Disciplinary Rules 6-101(A)(3), 7-101(A)(3) and 1-102(A)(4)(5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

Under Count IV, this Court now finds that in April, 1982, the Respondent was retained in a proposed action for wrongful

discharge from employment. He received a retainer of $200.00. The Respondent did contact officials of the company in Connecticut and eventually, in June, a meeting was held to discuss the problem. The Respondent informed the client that the Respondent was confident the client would be re-employed. This did not materialize and in December, 1982, the Respondent advised the client that a suit would be necessary. In January, 1983, Respondent told his client that the suit had been filed and that the U.S. Marshall had served the papers. On February 10, 1983, the Respondent told his client that the Respondent had "great news", that the company was going to create a new position for the client and the client was to return to work on March 7. This was not true, and, in fact, the company had no intention of rehiring the client. Although the Respondent did prepare a pleading and presented a copy to his client, the Respondent did not file a suit in Federal Court.

As charged under this Count, this Court now concludes that the Respondent engaged in conduct involving misrepresentation which adversely reflects on his fitness to practice law. By these acts, the Respondent violated Disciplinary Rules 1–102(A)(4) and (6) of the *Code of Professional Responsibility for Attorneys at Law*.

Under Count V, we find that the Respondent, after consultation with the client noted above in Count IV, suggested that this client file bankruptcy. At the end of December, 1982, Respondent advised the client that a petition had been filed and a hearing was set for February 24, 1983. On that date the Respondent advised his client that the Court was closed until the following Monday. Upon returning home, the client found a creditor towing away his automobile. In fact, the bankruptcy petition was not filed until the day after the car was removed.

In view of the above findings, we now conclude that, as charged, the Respondent neglected a legal matter entrusted to him, prejudiced and damaged his client during the course of the professional relationship and engaged in conduct involving misrepresentation and conduct which adversely reflects on his fitness to practice law, thereby violating Disciplinary Rules 6–101(A)(3), 7–101(A)(3) and 1–102(A)(4) and (6) of the *Code of Professional Responsibility for Attorneys at Law*.

Under Count VI, we find that the client in the foregoing Count delivered funds to the Respondent on two occasions, once on October 29, 1982, in the amount of $1,300.00 and once on December 16, 1982, in the amount of $1,245.46. The Respondent failed to segregate said funds and, in fact, deposited the same in his personal account. Furthermore, he failed to give a proper accounting of the disposition of said funds. Accordingly, we conclude that the Respondent failed to deposit funds of his client into an identifiable bank account, failed to maintain complete records of all funds and failed to render appropriate accounting to his client, all in violation of Disciplinary Rules 9–102(A) and 9–102(B)(1), (2) and (3) of the *Code of Professional Responsibility for Attorneys at Law*.

Upon finding misconduct under five of the six charges, the Court must assess appropriate sanction. The Respondent in this case, on several occasions, neglected clients' cases, engaged in deceit and misrepresentation, damaged clients' interests, failed to return clients' records and failed to properly account for clients' funds. Upon failing to provide competent, timely, professional service, the Respondent exacerbated his misconduct by lying to his clients and causing further damage and delay. In every instance of misconduct, his actions indicate a total disregard for the interests of his clients and for his professional obligations. The specific acts of misconduct and their negative impact on the public and the entire legal profession lead us to conclude that disbarment is warranted in this case.

IT IS, THEREFORE, ORDERED, that the Respondent is disbarred from the practice of law in Indiana.

Costs of this proceeding are assessed against the Respondent.